IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2141-FL

**FILED**

**AUG 1 8 2011**

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____
DEP CLK

| | | |
|---|---|---|
| KAREEM JABBAR LENZY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT C. LEWIS and SANDRA THOMAS, | ) | |
| | ) | |
| Respondents. | ) | |

This matter comes before the court upon respondents' motion for summary judgment (DE # 9). Also before the court is petitioner's motion for discovery (DE # 7). These motions have been fully briefed and the issues raised therein now are ripe for adjudication. For the following reasons, the court grants respondents' motion and denies petitioner's motion.

**STATEMENT OF CASE**

Petitioner was housed at Lumberton Correctional Institution ("Lumberton") at the time he received the disciplinary conviction at issue in this action. On February 26, 2010, Superintendent Sandra Thomas ("S. Thomas") received information from a confidential source that petitioner obtained stamps during his visitation with Sabrina A. Edwards on February 4, 2010. (Resp'ts' Ex. 1 at p. 33.) The next day, petitioner provided a witness statement denying the conduct, and stating that the stamps were in his wallet prior to the visitation. (Id. at 34.) Petitioner alleges that Sergeants Whitley ("Whitley"), Sergeant Bass ("Bass"), and Sergeant Laron K. Locklear ("Locklear") strip searched him after his visitation, discovered the stamps, and returned them to him. (Id.) Bass

provided a statement admitting that he searched petitioner subsequent to his February 4, 2010 visitation and discovered the stamps. (Id. at 35.) Whitley also provided a statement, and stated that he did not recall the incident. (Id. at 35, 36.)

Locklear investigated petitioner's allegations, and provided petitioner notice of the allegations against him on February 27, 2010. (Id. at 32.) Following the investigation, Locklear recommended that petitioner be charged with a C11 disciplinary offense for "[m]isuse or use without authorization, the telephone or mail," and a D3 disciplinary offenses for "contraband not constituting a threat of escape or a danger of violence." (Id. at 31 and Ex. 2.) On March 4, 2010, petitioner waived his right to twenty-four (24) hour notice prior to meeting with the Disciplinary Hearing Officer ("DHO"). (Resp't's Ex. 1 at p. 29.) Petitioner also acknowledged that correctional staff had reviewed and explained his rights, acknowledged the receipt of the charges against him, and pleaded not guilty. (Id.) The charges then were forwarded to a DHO. (Id.)

On March 10, 2010, DHO Billie J. Weaver held a hearing on the disciplinary charges against petitioner. (Id. at 28.) The DHO did not make a final determination on petitioner's action, and instead, requested a re-investigation stating that the C11 charge was not the appropriate charge based upon the record. (Id.) The DHO also stated that the prison needed to investigate what items were in petitioner's possession when he was searched prior to his February 4, 2010 visitation. (Id.)

In the course of the re-investigation, Locklear examined the inmate property log, which reflected that petitioner possessed a wallet and key prior to his February 4, 2010 visitation. (Id. at 23.) At the conclusion of his re-investigation, Locklear recommended that petitioner be charged with a D3 disciplinary offense for possessing contraband not constituting a threat of escape or

2

violence. (Id. at 17.) Petitioner then was provided with the appropriate notice, and the charge again was forwarded to a DHO. (Id. at 15.)

On March 24, 2010, DHO Weaver conducted another disciplinary hearing. (Id. at 13.) The DHO found petitioner guilty of the D3 disciplinary offense, but mistakenly noted that the contraband at issue was tobacco. (Id.) Following the disciplinary hearing, Chief DHO Hattie Pimpong ordered a rehearing, "concerning clarification concerning evidence mentioned in the Record of Hearing." (Id. at 8.) Petitioner again was provided the appropriate notice, and the action was forwarded to a DHO. (Id.)

On April 26, 2010, DHO Edward B. Thomas held a disciplinary hearing and again found petitioner guilty of the D3 offense. (Id. at 6.) The DHO hearing record included the following summary:

> Inmate advised of his rights and a summary was read. The inmate was represented by officer Hunt at his request. Summary of the case is as follows; Ms. Thomas who is the Superintendent at Lumberton reported that on 2/26/10 she received confidential information from a reliable source that inmate Lenzy had received stamps through visitation. The inmate pled not guilty stating that the stamps he had [in] his possession were stamps that were his and he brought them to visit when he came. The inmate requested statements from Sgt. Bass and Sgt. Whitley. Sgt. Bass states that he did go to visitation and assisted with a search of the inmate and did find some stamps. The stamps were returned to the inmate due to information at hand was not available at that time. Sgt. Whitley state that he does not recall the incident. The inmate requested both Sergeants to appear as live witnesses which is being denied based on relevance. There is no dispute that the inmate had possession of the stamps after the visit. The confidential information is in relation to how he obtained the stamps and neither Sgt. was present during that time. The inmate made a written statement and he states that he had the stamps when he went to visit. The inmate stated the same during the hearing and added that he would not take a chance on losing his visit for some stamps. Based on reporting party's statement and evidence provided (confidential info) I am finding the inmate guilty with presumptive punishment imposed to deter this type of behavior in the future. Appeal rights explained and a form was provided.

3

(Id.) As a result of the DHO's findings, petitioner received fifteen (15) days segregation, ten (10) days sentence credit loss, twenty (20) hours of extra duty, and suspension of his visitation privileges. (Id. at 4.) Petitioner's subsequently appeal of his disciplinary conviction was denied. (Id.)

On July 2, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's habeas petition challenges his disciplinary conviction on the grounds that it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Petitioner alleges the following due process claims: (1) an officer that was a part of the incident was assigned as an investigator; (2) the DHO denied his request for live witness testimony; (3) the DHO conducted his hearing outside of the prescribed time limit; (4) the DHO used information to support a finding of guilt which was obtained from an illegal hearing; and (5) the DHO found him guilty on the testimony of an unreliable confidential informant. As relief, petitioner requests that his disciplinary charge be dismissed, that the Department of Correction ("DOC") return his administrative fees, that the DOC return his sentence credit, and that the DOC pay petitioner reasonable fees for the service of his extra duty.

On September 20, 2010, respondents filed a motion for summary judgment arguing that petitioner's disciplinary conviction does not violate the due process clause, and that he is not entitled to relief. Petitioner responded and also requests discovery.

## DISCUSSION

A.    Petitioner's Motion for Discovery

Petitioner filed a motion to compel discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct

4

discovery." Rules Governing § 2254 Cases, Rule 6(a). "A party requesting discovery must provide reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion is denied.

B.    Respondents' Motion for Summary Judgment

1.    Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

1.    Analysis

Petitioner is challenging a disciplinary conviction and seeks repayment of administrative fees, compensation for extra duty, and restoration of ten (10) days of sentence credit. Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Due Process Clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557-58 (1974).

5

However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id. Thus, petitioner may only challenge the loss of his good-time credits in this action.

The Supreme Court has mandated certain procedural safeguards when loss of statutory good-time credit is at issue. See Wolff, 418 U.S. at 557. Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four (24) hours in advance of the hearing; (2) a written statement by the fact finders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564-566. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, see Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and must be made by an impartial adjudicator, see Wolff, 418 U.S. at 570-71.

The court first addresses petitioner's claim that the participation of Locklear in both the incident and investigation violates due process. The DOC requires that the DHO be "an impartial decision maker who was not a victim, witness, investigator, or otherwise significantly involved in the incident." 28 C.F.R. § 541.8. None of the DHOs who reviewed petitioner's disciplinary charges served as the victim, witness, investigator, and none were involved in the disciplinary incident. Moreover, the DHO presiding over petitioner's second disciplinary hearing substantially relied upon information obtained from the confidential informant and other officers in finding petitioner guilty. (Resp'ts' Ex. 1 at p. 6.) Thus, the record supports a finding that petitioner's disciplinary hearing was conducted by an impartial decision-maker who relied on the evidence before him, and the court finds that petitioner's due process rights were not violated.

6

The court next considers petitioner's claim that DHO Thomas' denial of his request to call live witnesses, Bass and Whitley, violates due process. The Fourth Circuit Court of Appeals has held that live witness testimony may be disallowed by a DHO where the testimony would be irrelevant or cumulative. Ward v. Johnson, 690 F.2d 1098, 1112-13 (4th Cir. 1982). Additionally, prison regulations provide that a DHO has the discretion to refuse to call a witness if "they are not reasonably available, their presence at the hearing would jeopardize institution security, or they would present repetitive evidence." 28 C.F.R. § 541.8. Here, the DHO denied petitioner's live-witness request as irrelevant because there was "no dispute that the inmate had possession of the stamps after the visit." (Resp'ts' Ex. 1 at p. 6.) Accordingly, the DHO's denial of live witnesses for irrelevance does not violate the due process clause.

The court turns now to petitioner's claim that his due process rights were violated because the DHO disregarded a DOC policy that limits the amount a time in which to try a disciplinary action. Violations of DOC regulations do not equate to a violation of due process. See Williams v. Taylor, 529 U.S. 362, 412 (2000); Irvin v. Federal Bureau of Prisons, No. 9:08-03038-HFF-BM, 2009 WL 1811245, at *5 (D.S.C. 2009) ("The Constitution does not require strict adherence to administrative regulations and guidelines."). Moreover, there is no timeliness requirement in the Supreme Court's due process analysis in Wolff, and the proceedings in this action were in any event adjudicated in a timely fashion. Indeed, the record indicates that S. Thomas received the report regarding the contraband stamps on February 26, 2010, and the investigating officer submitted his report on February 28, 2010, which is not a violation of the DOC's time requirements. See N.C. Dep't of Correction Policy and Procedures Manual, Inmate Disciplinary Procedures Ch. B, § .0205(b) (2 and 3) (stating an investigation should commence within twenty-four (24) hours of the

7

time the violation is reported and should be completed within seventy-two (72) hours from the beginning of the investigation); (Resp'ts' Ex. 1 at pp. 31, 33). Thus, petitioner has not established a due process violation with his timeliness argument.

Finally, the court considers petitioner's final two due process claims, which involve his assertion that he was denied due process because DHO Thomas' guilty finding was not properly supported by confidential information, which resulted in an illegal hearing. Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding *de novo* or for clear error; rather "the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the [DHO]." See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990) (emphasis added). The record of a prison disciplinary hearing need not establish reliability of a confidential informant to meet the "some evidence" standard. See id. at 933.

Petitioner alleges that the confidential informant originally reported that petitioner possessed tobacco and not stamps. Petitioner, however, has provided no evidence to support this assertion. Rather, the record reflects that Dixon testified in a sworn statement that S. Thomas, "received information from a confidential reliable source, who was proven to be a creditable reliable [source] . . . in the past" that petitioner received stamps during his February 4, 2010 visitation. (Resp'ts' Ex. 1 at p. 33.) There is no evidence that petitioner challenged the credibility of the confidential information. Additionally, the evidence reflects that Bass submitted a sworn statement that petitioner was found with stamps following his February 4, 2010 visitation. (Id. at 35.) Following

8

additional investigation of the incident, it was discovered that petitioner did not possess stamps when he was searched before his February 4, 2010 visitation. (Id. at 23.) Based upon the written reports of the parties and petitioner's conflicting statements, the disciplinary hearing officer found that petitioner was guilty of the D03 offense. Moreover, petitioner was provided the benefit of a re-hearing. The court finds that this evidence satisfies the "some evidence" standard, and the Due Process Clause was not violated. See, e.g., Hill, 472 U.S. at 454-56; Baker, 904 F.2d at 932.

As for the remaining Wolff requirements, petitioner received advance written notice of the disciplinary charges and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Thus, there is no due process violation. Based upon the foregoing, respondents' motion for summary judgment is GRANTED.

C.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

9

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, petitioner's motion for discovery (DE # 7) is DENIED and respondents' motion for summary judgment (DE # 9) is GRANTED. Petitioner's motion for summary judgment (DE #18), which is not yet ripe, is DENIED AS MOOT. A Certificate of Appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this /7ᵗ day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

10